# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-18905-TBM |
| SAN LUIS & RIO GRANDE RAILROAD, INC. ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

## STATUS REPORT PURSUANT TO COURT ORDER DATED AUGUST 15, 2022

Plaintiff, William A. Brandt, Jr., as trustee (the "Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), would hereby show the Court as follows:

1. Three unsecured creditors commenced the Chapter 11 Case by filing an involuntary petition in this Court against San Luis & Rio Grande, Inc. on October 16, 2019 [Docket No. 1]. The Court entered an order for relief in the Chapter 11 Case on November 7, 2019 [Docket No. 18].

2. The United States Trustee filed the Notice of Appointment of Trustee on December 30, 2019, appointing the Trustee as trustee in the Chapter 11 Case [Chapter 11 Case, Docket No. 69]. On January 6, 2020, the Trustee filed his Acceptance of Trustee Appointment Pursuant to Rule 2008, accepting the appointment [Docket No. 93].

3. The Trustee filed a complaint in this Court on April 6, 2020, commencing an adversary proceeding against Big Shoulders Capital, LLC (the "Adversary Suit")[Chapter 11 Case, Docket No. 224; Adversary Suit, Docket No. 1]. .

4. On September 30, 2021, this Court entered an order approving a settlement agreement between Big Shoulders Capital LLC and the Trustee. (Docket No. 485.) Under the terms of the Settlement Agreement, the Trustee dismissed the Adversary Suit against Big Shoulders related to the extent, priority of its liens in the Debtor's assets and the Trustee paid to Big Shoulders

{Z0398316/1 }

$400,000.00 on its claim. In return, Big Shoulders agreed to support the Trustee's efforts to sell the Debtor's assets pursuant to a plan of reorganization; however, the settlement agreement specifically provided if the Trustee's sales efforts were not successful: Big Shoulders could file its own plan of reorganization. Indeed, Big Shoulders has *always* had the option and power to file its own plan. Big Shoulders has not done so.

5. Since his appointment, the Trustee has sought to sell the SLRG railroad. Along with his advisors, the Trustee has had direct contact with over 80 parties who expressed an interest in the Debtor's assets. Fifty-three (53) of these parties executed NDAs and conducted due diligence on the Debtor's operations through a data room maintained by the Trustee. The Trustee has received five letters of intent from potential purchasers.

6. In order expedite the process related to a sale, the Trustee filed a motion and the Court entered an order approving proposed bid procedures on June 30, 2022 [Docket No. 775] (the "Bidding Procedures"). In connection with the Bidding Procedures, Big Shoulders negotiated for and the Trustee agreed that Big Shoulder could submit a bid and that a portion of its bid could constitute a credit bid.

7. The initial deadline for parties interested in acquiring SLRG's assets to submit qualified bids was July 11, 2022. The bid procedures set a reserve cash price of $5,750,000. If more than one potential bidder were to submit a qualified bid, an auction was to take place on July 14, 2022. The Trustee received a bid by the deadline for a purchase price of over $7 million (in cash and the assumption of certain liabilities); however, the bid received did not constitute a "qualified" bid as that term was defined in the Bidding Procedures. Big Shoulders did not submit a bid to purchase the Debtor's assets.

8. On July 14, 2022, the Trustee filed the Trustee's Motion for Entry of Order Continuing Bid Deadline for the Sale of Substantially All of the Debtor's Assets and Rescheduling the Auction and Sale Hearing [Docket No. 796] (the "Extension Motion"). In the Extension Motion the Trustee disclosed that the Union Pacific had agreed to a "substantial upward adjustment to the freight handling carrier fees that Union Pacific provides to SLRG" in an effort to support rail service in the San Luis Valley. The Extension Motion was granted and the bid deadline was extended to July 29, 2022, at 5:00 p.m. July 14, 2022 Order Granting Extension Motion [Docket No. 797]. The Bid Deadline has not been extended further. Big Shoulders did not submit a bid to the Trustee by the extended Bid Deadline.

9. On August 4, 2022, Big Shoulders submitted a written offer to the Trustee to acquire the SLRG assets and to maintain operations of the SLRG railroad. The cash portion of the bid submitted by Big Shoulders is not sufficient to cover the claims against the estate which have a prior security interest before Big Shoulders and the administrative claims. Big Shoulders' bid would, indeed, leave SLRG estate administratively insolvent. The Trustee has not and will not accept Big Shoulders' current bid.

10. Following the Bid Deadline and up until today, the Trustee has had constant discussions and negotiations with *three* separate parties (not including Big Shoulders) who have expressed interest not only in purchasing substantially all of the Debtor's assets but also continuing and maintaining freight operations of the railroad in the San Luis Valley. The proposed terms from each of the prospective bidders provide for substantially more value to the estate than Big Shoulders' bid. Indeed, this morning the Trustee received an offer to purchase substantially all of SLRG's assets along with a good faith deposit. The offer provides materially greater value to the estate than Big Shoulders' proposal. The Trustee is currently evaluating and negotiating the terms

{Z0398316/1 }

of this bid. In addition, one of the other potential bidders, which is a major railroad company, with whom the Trustee is in current daily negotiations, is scheduled to conduct additional on-site rail inspections in Alamosa on Friday, August 26.

11. Notwithstanding Big Shoulders' concerns regarding the estate's ability to continue operations pending a sale, the Trustee has sufficient liquidity to operate the railroad pending the execution of an asset purchase agreement with one of the potential bidders. The Court recently approved $800,000.00 of post-petition financing from the Council of Governments. Importantly, the lender agreed to subordinate to the security interests of the Counties for real estate taxes and the security interests of Big Shoulders Capital, LLC. In other words, no secured creditor, including Big Shoulders, is being harmed by the continued operation of the estate. Additionally, the Trustee recently renegotiated the freight rates that it receives from Union Pacific on much more advantageous terms. The new rates significantly reduce the monthly loss that the Debtor incurs in its operations. Further, as is the ordinary course of business of a railroad, the Trustee will again sell the 45G tax credits to obtain even additional liquidity.

12. Finally, as required by the Bankruptcy Code, the Trustee is in very close contact with representatives from the Surface Transportation Board, the local county governments, as well as the State of Colorado. Each of these constituencies supports the Trustee's continued sales efforts.

13. In summary, Big Shoulders' attempts to strong arm the Trustee into accepting its offer to purchase the estate's assets at a price which will leave the estate administratively insolvent are not well-taken. Big Shoulders cannot force the Trustee to accept its bid when that bid is significantly and materially less than the amounts which are being negotiated currently with other third parties for those same assets.

{Z0398316/1 }

August 25, 2022.

        MARKUS WILLIAMS YOUNG &
HUNSICKER LLC

*s/ Jennifer Salisbury*
Jennifer Salisbury, #37168
1775 Sherman Street, Suite 1950
Denver, Colorado 80203
Telephone (303) 830-0800
Facsimile (303) 830-0809
jsalisbury@markuswilliams.com

*Counsel for the Chapter 11 Trustee*

{Z0398316/1 }