# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: <br><br> SAN LUIS & RIO GRANDE RAILROAD, INC. <br><br> Debtor. | Lead BK Case No. 19-18905-TBM <br><br> Chapter 11 |
| In re: <br><br> SARATOGA AND NORTH CREEK RAILWAY, LLC, <br><br> Debtor-in-Possession. | Bankruptcy Case No. 20-12313-TBM <br><br> Chapter 11 |

## BRIEF IN SUPPORT OF TRUSTEE'S BRIEF REGARDING CREDIT BID OF BIG SHOULDERS CAPITAL, LLC

1. KCVN, LLC ("KCVN"), through its counsel Onsager | Fletcher | Johnson LLC, hereby files its Brief in Support of Trustee's Brief Regarding Credit Bid of Big Shoulders Capital, LLC as follows:

2. KCVN is a "Qualified Bidder" pursuant to the bid procedures approved by this Court by Order dated November 9, 2022 (Docket no. 877).

3. In its Objection of Big Shoulders Capital, LLC to Trustee's Motion for Entry of Order (A) Authorizing and Approving the Sale of Substantially All of the Assets of the San Luis & Rio Grande Railroad, Inc. Free and Clear of All Liens, Claims and Encumbrances; and (B) Waiving the 14-Day Stay of Fed. R. Bankr. P. 6004(h) and 6006(d), Big Shoulders asserts the right to credit bid at the auction to be held pursuant to the approved bid procedures pursuant to a bid that provides only $4.0 million in cash.

4. Trustee has filed Trustee's Brief Regarding Credit Bid of Big Shoulders Capital, LLC disputing the conditions under which Big Shoulders Capital, LLC ("Big Shoulders") should be allowed to credit bid.

5. Big Shoulders does not dispute that, in order to credit bid, the cash portion of its bid must be sufficient to pay all liens prior to its security interests and any other claims to which its claim is subordinate.

6. It appears that the parties do not dispute that tax liens of the various Counties, in the amount of about $4.0 million, are senior to Big Shoulder's liens. Rather, the dispute is whether Big Shoulders has also agreed to subordinate its secured claim to the payment of allowed administrative expenses, other priority taxes and other allowed priority claims pursuant to the Settlement Agreement dated September 14, 2021, and approved by this Court

by Order dated October 21, 2021 (Docket no. 628) (the "Settlement Agreement").

7. Big Shoulders does not dispute that it agreed to subordination of its claim against the proceeds of a going concern of Debtor's assets under a plan; rather, it contends that its agreement to subordinate its allowed secured claim pursuant to the Settlement Agreement is only effective if the asset sale takes place "pursuant to a plan." It further contends that the currently contemplated sale is not "pursuant to a plan" and therefore its secured claim is not subject to subordination as provided in the Settlement Agreement. This is not, however, the plain meaning of the Settlement Agreement.

8. Section 2.a. of the Settlement Agreement provides that "Trustee is pursuing a sale of substantially all of SLRG's sale following a competitive bidding process (the "Going-Sale") pursuant to a plan that the Trustee will file (the "Trustee Plan"). Well-accepted rules of construction dictate that "Going-Concern Sale" is defined only by the words preceding the parenthetical and render the contract unambiguous. *Ga. Power Co. v. ABB, Inc.*, 811 F. App'x 517, 521-22 (11th Cir. 2020); *HIP, Inc. v. Hormel Foods Corp.*, 888 F.3d 334, 339 (8th Cir. 2018); *Olympus Ins. Co. v. AON Benfield, Inc.*, 711 F.3d 894, 898-99 (8th Cir. 2013); *SPS Techs., LLC v. Briles Aero., Inc.*, No. CV 18-9536-MWF (ASx), 2021 U.S. Dist. LEXIS 169467, at *47-48 (C.D. Cal. Sep. 3, 2021); *Berg v. eHome Credit Corp.*, 848 F. Supp. 2d 841, 846 (N.D. Ill. 2012). Thus, the "Going Concern Sale" contemplated under the Settlement Agreement is not restricted by the phrase relating to a sale pursuant to a plan that follows the parenthetical.

9. The plain meaning of the Settlement Agreement is that Big Shoulders agreed to the distribution of the proceeds of a "Going Concern Sale" under the terms of the "Trustee Plan" as defined in the Settlement Agreement, whether the sale takes place "pursuant to a plan" or not. While the Trustee may have contemplated a sale under a plan at the time of the Settlement Agreement, Big Shoulder's claim may be subordinated under a plan regardless of when the "sale following a competitive bidding process" occurs.

10. As a result, any credit bid by Big Shoulder should be ignored unless it provides sufficient cash to pay all senior secured claims, allowed administrative expenses and other priority claims. KVCN is informed and believes this total far exceeds the $4.0 million in cash that Big Shoulders promises in its bid to date.

11. KCVN otherwise joins in the Trustee's Brief Regarding Credit Bid of Big Shoulders Capital, LLC.

Wherefore KVCN prays this Court to disallow any credit bid by Big Shoulders that does not demonstrably provide sufficient cash to pay all senior secured claims, allowed administrative expenses and other priority claims, and for such other relief as the Court deems proper.

Dated: November 17, 2022.

**ONSAGER | FLETCHER | JOHNSON LLC**

*s/ Christian C. Onsager*
   Christian C. Onsager, #6889
   Alice A. White. #14537
600 17th Street Suite 425N
Denver, CO  80202
Phone:  (720) 457-7070
Email:  consager@OFJlaw.com
Email:  awhite@OFJlaw.com

*Counsel for KCVN, LLC*

# CERTIFICATE OF SERVICE

I certify that on November 17, 2022, a copy of this Brief in Support of Trustee's Brief Regarding Credit Bid of Big Shoulders Capital, LLC, was served on any and all parties who have requested electronic notice through the court's CM/ECF system, in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules.

*s/ Barbara A. Moss*